UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ELY GEMBORYS, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

CENLAR AGENCY, INC.

Defendant.

C.A. No.:

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1332(d) and 1453(b), defendant, Cenlar Agency, Inc. ("Cenlar"), by and through its attorneys, Locke Lord LLP, for the purpose of removing this case to the United States District Court for the District of Massachusetts, respectfully states:

1.     **State Court Action.**  Plaintiff Ely Gemborys, on behalf of himself and all others similarly situated ("Plaintiff"), filed a *Class Action Complaint and Demand for Jury Trial* ("*Complaint*") against Cenlar on or about November 21, 2019, in the Superior Court of the Commonwealth of Massachusetts, Worcester County, being numbered Case No. 1985-CV-01725 on the docket of said Court; see **Exhibit A** attached hereto.

2.     **Federal Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  This Court also has jurisdiction over this matter under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

## DIVERSITY

a.     Plaintiff has alleged that he is a citizen of Massachusetts.  *Compl.* ¶ 7.  28 U.S.C. § 1332(2).

b.      Cenlar Agency, Inc. is a corporation, which is considered to be a citizen both of its state of incorporation and of its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Cenlar was incorporated in New Jersey and has its principal place of business in New Jersey. *Compl.* ¶ 8. Therefore, Cenlar is a citizen of New Jersey for diversity purposes.

c.      Accordingly, Plaintiff and Defendant are completely diverse, and no Defendant is a citizen of Massachusetts. 28 U.S.C. §§ 1332(a)(1); 1441(b).

d.      In the *Complaint*, Plaintiff alleges that Cenlar acted in violation of *Mass. Gen. Laws* ch. 93A § 9 ("Chapter 93A") by calling his cell phone to collect a debt more than the two times per seven-day period permitted in 940 CMR § 7.04(1)(f). *Compl.* ¶ 36.

e.      Plaintiff alleges that he received approximately four calls a day, every day, throughout 2017. *Compl.* ¶ 15. That totals one thousand four hundred fifty six (1,460) calls in 2017, which is one thousand three hundred fifty two (1,356) more calls than is allegedly permitted by 940 CMR § 7.04(1)(f).

f.      Chapter 93A permits recovery "in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three, but not less than two times such amount if the court finds the use or employment of the act or practice was a willful or knowing violation…" *See Mass. Gen. Laws* ch. 93A § 9(3). Plaintiff seeks "actual and/or statutory damages" pursuant to Chapter 93A and further asserts that those damages should be trebled because "Defendant willfully and knowingly violated 940 CMR § 7.04(1)(F)." *See Compl.* ¶ 38 and Demand for Relief C and E. Plaintiff also seeks his attorney's fees and costs. *See Compl.* ¶ 38.

2

g.    Assuming, *arguendo*, that each call over the limit is a separate violation – which Cenlar ___does not___ concede – Plaintiff's statutory damages under Chapter 93A would be $33,900.00 ($25.00 per call multiplied by 1,356 calls). Those damages trebled equals $101,700.00, plus attorney's fees. *See F.C.I. Realty Tr. v. Aetna Cas. & Sur. Co.*, 906 F. Supp. 30, 31 (D. Mass. 1995) (holding treble damages "must be considered to the extent claimed in determining the jurisdictional amount"); *Spielman v. Denzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (attorneys' fees in Chapter 93A claims must be considered in determining the amount in controversy because the statute "allows plaintiffs to collect attorney's fees as part of their damages").

h.    In light of the number of calls alleged, the claim for treble damages and the claim for attorney's fees, the amount in controversy far exceeds $75,000.00.

## CAFA

i.    This case is properly removed to this Court pursuant to CAFA because (1) Plaintiff alleges that the putative class contains "thousands of Massachusetts consumers," (*Compl.* ¶ 23); (2) the citizenship of at least one class member is different than that of Cenlar; and (3) the aggregate amount placed in controversy by the claims of Plaintiff and the proposed putative class members exceeds the sum or value of $5,000,000.00, exclusive of interests and costs.

j.    CAFA provides that the minimal diversity requirement is met if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This requirement is met here, as the named Plaintiff and Cenlar are citizens of different states for purposes of diversity jurisdiction as set forth in sections 2.a. and 2.b. *supra*. Because Plaintiff is a citizen of the Commonwealth of Massachusetts and Cenlar is a citizen of New Jersey, minimal diversity is established under CAFA.

k.      The *Complaint* alleges that "there are thousands of Massachusetts consumers who are members of the Class." *Compl.* ¶ 23.  Accordingly, on the face of the *Complaint*, the aggregate number of the individuals in the putative class is well in excess of 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

l.      Under CAFA, the claims of all putative class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00.  *See*  28 U.S.C. § 1332(d)(6).  Here, assuming the truth of Plaintiff's allegations and aggregating the alleged damages for all putative class members, as the Court must, the relief sought by the *Complaint* exceeds $5,000,000.00, exclusive of interest and costs, based upon simple arithmetic, regardless of which of the various methods or metrics used to calculate the amount in controversy.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").  As set forth above in section 2.g. *supra*, Plaintiff's statutory damages as alleged in the *Complaint* total $33,900.00.  Where the *Complaint* alleges that his claims "are typical of the claims of the class members," it is reasonable to conclude that the damages he is seeking are typical or representative of each putative class member.  *See Compl.* ¶ 26.  By multiplying the $33,900.00 in damages sought by Plaintiff by just 1,000 putative class members, the aggregate amount in controversy exceeds the $5,000,000.00 threshold six-fold for purposes of 28 U.S.C. § 1332(d)(6).  *See Liu v. Amerco*, 677 F.3d 489, 493 (1st Cir. 2012) (amount in controversy would exceed "the minimum $5 million figure given the thousands" of class members multiplied by "the minimum statutory damages under chapter 93A").  If the damages are trebled, as sought by Plaintiff, the

4

aggregate amount exceeds $100 million dollars. *See Compl.* ¶ 38 and Demand for Relief D and F. For these reasons, on the face of the *Complaint*, the aggregate damages sought by Plaintiff on behalf of the putative class exceed $5,000,000 for purposes of 28 U.S.C. § 1332(d)(2).

m.    In sum, the Court has jurisdiction pursuant to CAFA because (1) there are more than 100 putative class members; (b) there is minimal diversity between the parties; and (c) the amount in controversy exceeds $5,000,000.00 million. *See* 28 U.S.C. § 1332(d)(2).

3.    **Proper Venue**. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff elected to initially file the action in federal court. This Court is the United States District Court for the district and division embracing the place where the state court action is pending and is, therefore, the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

4.    **Timeliness of Removal Petition.** Plaintiff filed the *Complaint* on or about November 21, 2019.    Defendant received a summons and the *Complaint* through CT Corporation on December 13, 2019. Removal of this action is therefore timely under 28 U.S.C. § 1446(b) as the Notice of Removal has been filed within thirty (30) days of receipt of the *Complaint*. *See* **Exhibit B** attached hereto.

5.    **Compliance.** Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Worcester County, where this action is pending and will serve such notice on Plaintiff in compliance with 28 U.S.C. §1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Defendant's *Local Rule* 81.1(a) submission.

6.    **Relief Requested.**    Defendant respectfully requests that the United States District Court for the District of Massachusetts accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

Defendant,
Cenlar Agency, Inc.

By its Attorneys,

/s/ Krystle G. Tadesse
Krystle G. Tadesse (BBO #673899)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
krystle.tadesse@lockelord.com

Date: January 10, 2020

6

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on the 10th day of January, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed, via overnight delivery, to those indicated as non-registered participants, namely:

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897

/s/ Krystle G. Tadesse

81997394v.2