UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ELY GEMBORYS,** *on behalf of himself and all others similarly situated*,<br><br>  Plaintiff,<br><br>V.<br><br>**CENLAR AGENCY, INC.,**<br><br>  Defendant. | CIVIL ACTION NO. 4:20-cv-40006 |

**FINAL APPROVAL ORDER**

**WHEREAS**, on January 20, 2021, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Class Action Settlement Agreement between Plaintiff Ely Gemborys and Defendant Cenlar Agency, Inc., and directing that notice be given to the Settlement Class (Doc. No. 45);

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, a Final Approval Hearing was held on June 23, 2021. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of

Attorney's Fees and Costs to Class Counsel, and the payment of an Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Cenlar Agency, Inc. ("Cenlar"), having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for Incentive Awards to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. In reaching this conclusion, the Court considered the nine *Grinnell* factors, including: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *see also Roberts v. TJX Companies, Inc.*, 2016 WL 8677312, n.8 (D. Mass. Sept. 30, 2016) ("[courts in this Circuit frequently employ the Second Circuit's *Grinnell* factors or some version of it.").

4. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

5. There have been no objections to approval of the Settlement Agreement or requests by Settlement Class Members for exclusion.

6. The Settlement Class, which will be bound by this Final Approval Order and Judgment hereon, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

7. For purposes of the Settlement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> All persons residing in the Commonwealth of Massachusetts to whom, within the Class Period, Cenlar made in excess of two telephone calls regarding a debt within a seven-day period to their residence, cellular telephone, or other provided telephone number as reflected on the Class List.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

8. For purposes of Settlement only, Plaintiff is certified as the representative of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the Settlement.

9. Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the

status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

10. The Court finds that the plan for Notice, as set forth in Article IV, section 3 of the Settlement Agreement with the additional email notice to the Settlement Class, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

11. The Court finds that Cenlar has fully complied with CAFA's notice requirements.

12. The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Settlement Class, and is therefore approved.

13. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. Within the time period set forth in Article III, Section 4, of the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various Settlement Class members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

15. Upon the Effective Date, members of the Settlement Class shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged the Released Parties from the Released Claims as specified in the Release set forth in Article V, Section 1, of the Settlement Agreement.

16. Plaintiff and each Settlement Class Member are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any

court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.  In addition, Plaintiff and each Settlement Class Member are hereby enjoined from asserting as a defense, including as a setoff or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

17. The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the calls at issue in the Action.

18. The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or be deemed to be evidence of, an admission by or against Cenlar of any fault, wrongdoing, or liability on the part of Cenlar or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action.  This Order, the Settlement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by Cenlar or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settlement's terms shall be forever binding on, and shall

have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

19. The above-captioned Action is hereby dismissed in its entirety with prejudice. Without affecting the finality of this Final Order in any way, the Court reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

DATED: _____6/23_____, 2021

By: ___/s/ Timothy S. Hillman___
Timothy S. Hillman
United States District Judge